NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROHAN G. R. WILSON, | : | |
| | : | Civil Action No. |
| Petitioner, | : | 12-7315 (KM) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY L. HENDRICKS et al., | : | |
| | : | |
| Respondents. | : | |

**Kevin McNulty**, District Judge:

This matter comes before me upon Petitioner's application (the "Petition") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Petitioner asserts that his detention in the hands of immigration officials has been unduly prolonged and that therefore he is entitled to a bond hearing before the immigration judge or before me.  For the reasons expressed below, habeas relief is not appropriate at this time. The Petition will be administratively terminated. On or before May 1, 2013, Respondents shall file a letter apprising me of any developments in Petitioner's appeal, now pending before the United States Court of Appeals for the Third Circuit.

**BACKGROUND**

I assume the truth of the following allegations of the Petition for purposes of this Opinion only. See generally 28

U.S.C. § 2243 (court shall grant application or issue order to show cause "unless it appears *from the application* that the applicant or person detained is not entitled thereto")(emphasis added). In order to clarify the procedural history, I have taken judicial notice of the existence of certain publicly filed court records. <u>See</u> Fed. R. Evid. 201; <u>Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426-27 (3d Cir. 1999) (on motion to dismiss court may take judicial notice of existence of another court's filed opinion); <u>Breyer v. Meissner</u>, 23 F. Supp. 2d 521, 527 (E.D. Pa. 1998) (judicial notice of court's own records and prior related proceedings), <u>rev'd on other grounds</u>, 214 F.3d 416 (3d Cir. 2000).

Petitioner Wilson, a native and citizen of Jamaica, entered the United States in 1989 on a temporary visa. In 1995, he was convicted of murder and sentenced to a 30-year term of imprisonment. On January 11, 2011, while Wilson was still imprisoned on the murder charge, an immigration judge ordered him removed from the United States. On November 23, 2011, Wilson was paroled into the custody of the Immigration and Customs Enforcement agency ("ICE"). On April 26, 2012, the Board of Immigration Appeals ("BIA") affirmed his order of removal. On or about May 29, 2012, Wilson appealed his order of removal to the

United States Court of Appeals for the Third Circuit.[1] On July 7, 2012, the Court of Appeals granted him a stay of removal pending the disposition of his appeal.[2]

On November 16, 2012, the Court of Appeals stayed Petitioner's fully briefed appeal pending the disposition of <u>Chavarria-Calix v. Att'y Gen.</u>, No. 12-1937 (3d Cir.), which, according to the stay order, "may affect determination of [Wilson's appeal]."  <u>See Wilson v. Attorney General</u>, No. 12-2271, ECF 11/16/2012 (3d Cir.). On January 18, 2013, the Court of Appeals denied Chavarria-Calix's appeal and affirmed his order of removal.  <u>Chavarria-Calix</u>, No. 12-1937, ECF 1/18/2013 (3d Cir.). Whether the Third Circuit's unpublished opinion in <u>Chavarria-Calix</u> affects the resolution of Wilson's appeal is for that Court to determine.[3]  For my purposes, it is sufficient to

_____

[1] Legal and factual issues "arising from any action taken or proceeding brought to remove an alien from the United States" are properly reviewable in the Courts of Appeals. 8 U.S.C. § 1252(a)(5) & (b)(2); <u>see also</u> 8 U.S.C. § 1252(b)(9). The party to the Third Circuit appeal is named as "Kohan George Kamgeet Wilson a/k/a Rohan Ramgeet." I presume that this is the same person as Petitioner.

[2] Meanwhile, according to Petitioner, his detention was reviewed administratively on September 6, 2012, and release on bond was denied because he "would likely pose a danger to community." (Pet. ¶ 21). Construing the Petition in Petitioner's favor, I do not assume that this was a contested bond hearing that would satisfy due process concerns.

[3] In <u>Chavarria-Calix</u>, an alien detainee appealed an immigration judge's order of removal to the Third Circuit and obtained a stay of removal pending appeal. The grounds involved a dispute over the effective naturalization date of the detainee's

Page -3-

note that the disposition of the Chavarria-Calix appeal – and hence the dissolution of the Third Circuit's stay of Wilson's appeal - is imminent. That clears the way for the Court of Appeals to decide Wilson's appeal.

**DISCUSSION**

I find that habeas relief is not appropriate at this time.

Pre-removal detention is governed by 8 U.S.C. § 1226 and case law thereunder.  Section 1226 permits, and in the case of aggravated felonies mandates, detention during removal proceedings. See, e.g., Demore v. Kim, 538 U.S. 510, 523 (2003) ("detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process"). As noted below, such detention may nevertheless become so prolonged that the Constitution requires a hearing at which the government must justify further detention.

Post-removal detention – i.e., detention when a final order of removal is in effect – is governed by 8 U.S.C. § 1231 and case law thereunder. Section 1231 mandates detention and directs that

---

mother. Id., No. 12-1937, Opinion, ECF 1/18/2013 (3d Cir.). The Third Circuit opinion did not deal with bail or detention issues. Like Petitioner here, Chavarria-Calix also filed in district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The government responded that his detention was lawful because its prolongation resulted from the petitioner's own litigation of immigration issues, and was not attributable to the government or the immigration judge. See Chavarria-Calix, No. 12-1642 (SHR) (M.D. Pa.), ECF No. 10. The district court stayed the habeas petition pending the outcome of the appeal.

the alien be deported within a "removal period" of 90 days. Removal can be delayed by, _e.g._, the need to make arrangements with the destination country. In addition, the removal period can be restarted multiple times by various superseding events, such as a new stay order or a detention on criminal charges. Hany El Sayed, Civ. No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *6 (D.N.J. Feb. 9, 2012) (Debevoise, J.).  The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time. Zadvydas v. Davis, 533 U.S. 678 (2001); see also Hany, supra, at *8, 12-14.

The threshold question, then, is whether Wilson is to be treated as a pre-removal or a post-removal detainee. The United States Court of Appeals for the Third Circuit has held that Section 1226, the pre-removal statute, governs a detainee, like Wilson, who is subject to an order of removal that has been judicially stayed. Leslie v. Attorney General, 678 F.3d 265, 270 (3d Cir. 2012). As Leslie explained, "insofar as the purpose of § 1231 detention is to secure an alien pending the alien's certain removal, § 1231 cannot explain nor authorize detention during a stay of removal pending further judicial review." Id. During a judicial stay to permit review of ICE proceedings, detention is instead governed by the pre-removal standards of 8 U.S.C. § 1226. I therefore analyze Wilson's application under Section 1226.

Pre-removal detention, as noted, is permitted and in certain cases mandated.   Nevertheless, the Due Process Clause of the United States Constitution impliedly dictates that a detention may become so prolonged that the detainee is entitled to a hearing at which the government must prove that continued detention is justified. <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 233 (3d Cir. 2011); <u>see also</u> <u>Demore</u>, 538 U.S. at 532-33 (Kennedy, J., concurring).   <u>Diop</u> noted that detention under Section 1226 typically lasted a month and a half, or "about five months in the minority of cases in which an alien chooses to appeal." <u>Id</u>. at 233.[4]   But <u>Diop</u> explicitly declined to adopt a rule that a hearing would presumptively be required after six months of pre-removal detention.   Rather, the reasonableness of pre-removal detention depends on the facts of the individual case. That reasonableness determination hinges on the length of the delay and the reasons for the delay, including "a given individual detainee's need for more or less time, as well as the exigencies of a particular case." <u>Id</u>. at 234. A court will consider, for example, the extent to which delays were attributable to the detainee's requests for adjournments, or alternatively to the immigration judge's errors or the government's sluggishness in obtaining evidence. <u>See</u> <u>id</u>.

_____

[4] I take this to refer to an administrative BIA appeal, not a subsequent petition to the Court of Appeals.

Although there is no rigid rule, the range of acceptable
delay can be divined (with caution) from the cases. In Demore,
supra, the United States Supreme Court upheld a pre-removal
detention of about six months without a bond hearing. Diop, on
the other hand, found that a pre-removal detention of 35 months
without a bond hearing was too long. Of course, as noted above,
factors other than simple length of time went into both of these
determinations.

In this case, proceedings at the administrative level lasted
about five months, and Wilson's appeal to the Third Circuit has
been pending for an additional nine months. Petitioner Wilson
points to no error by the government or the administrative agency
that prolonged the administrative proceedings. Indeed, ICE and
BIA acted with reasonable dispatch. Wilson was released to agency
custody in late November 2011 and the removal order was affirmed
by the BIA five months later, in late April 2012. As noted in
Diop, that is about average.

I assume arguendo the validity of Petitioner's suggestion
that I also consider the remainder of the delay, which is
attributable solely to Petitioner's appeal to the Third Circuit.
His continuing custody is of course a byproduct of that Court's
stay of execution of the removal order.[5]   It does not appear that

_____

[5] Of course I do not presume to review the actions of the
Court of Appeals. The traditional function of habeas is to
question the authority under which a custodian is holding the

Wilson moved to expedite the appeal. It is true that the Court's stay of Wilson's appeal pending the disposition of Chavarria-Calix was not at Wilson's request. Nevertheless, the Court of Appeals evidently regarded that stay of (currently) about two months as integral to its review process. That Court has now entered its judgment in Chavarria-Calix. There is no reason to doubt that the Court of Appeals will soon decide Wilson's appeal and settle definitively whether the ICE order of removal was correct.[6]

Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), later relied upon by the Third Circuit and this District Court, upheld a three year pre-removal detention in circumstances similar to Wilson's. Prieto-Romero stressed that review of that petitioner's

---

petitioner — here, the immigration laws as limited by the Due Process Clause. In order to give thorough consideration to Petitioner's claims, however, I must consider the time occupied by the judicial review process. That raises the interesting possibility that the Court of Appeals might itself someday review my ruling as to whether its own processes contributed to excessive delay. The buck must stop somewhere, but I am cognizant that the rules and procedures of the Court of Appeals, not the great writ, govern the progress of cases in that Court. And of course the Court of Appeals may itself grant a stay or bail pending appeal in an appropriate case.

[6] The median time from filing of an appeal through disposition in the Third Circuit has declined from a high of 14.7 months in 2008 to a low of 7.7 months in 2012. www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2012/appeals-fcms-profiles-september-2012.pdf&page=9 (last visited on January 24, 2013).

removal order was pending before the Court of Appeals and that there appeared to be no other impediment to deportation, assuming the order was upheld. Continued detention was therefore reasonable.

In a nonbinding opinion, Contant v. Holder, 352 Fed. App'x 692 (3d Cir. 2009), the Third Circuit relied upon Prieto-Romero to uphold as reasonable a nineteen-month pre-removal delay occasioned primarily by pending removal proceedings, as well as Court of Appeals review. Contant anticipated Diop in that it limited discretionary pre-removal detention to a period "reasonably necessary" to effectuate removal. To the Contant court, it was important that detention was not "indefinite": the removal process was underway, there was no particular legal or practical barrier to deportation, and "the end of . . . detention [was] reasonably foreseeable; i.e., at the conclusion of . . . removal proceedings." 352 Fed. App'x at 696.

In Bulatov v. Hendricks, Judge Hochberg of this Court upheld a 30-month detention at a time when Third Circuit review of the alien's removal order was pending. The Bulatov court noted that approximately one third of that 30-month period was attributable to petitioner's requests for extensions before the BIA or the Court of Appeals. It further noted that "briefing before the Court of Appeals in Petitioner's consolidated appeals is nearly complete.  Thus, although the end date of his removal proceedings

is uncertain, it surely is reasonably foreseeable." _Bulatov v. Hendricks_, Civ. No. 11-845, 2012 U.S. Dist. LEXIS 143671 at *19 (D.N.J. Oct. 4, 2012) (Hochberg, J.). Even excluding the delay the court attributed to Bulatov himself, Wilson's detention is no longer than Bulatov's, and his case is similarly postured for resolution on appeal.

_Prieto_, _Contant_ and _Bulatov_ all suggest that Wilson has been and may be permissibly detained during his administrative proceedings and subsequent appeal.

Even setting aside considerations of deference to the orderly processes of the Third Circuit, the period of detention here does not depart dramatically from those found permissible in the absence of agency error, government delay or other aggravating factors. _See Bete v. Holder_, Civ. No. 11-6405, 2012 U.S. Dist. LEXIS 43438, at *1 (D.N.J. Mar. 29, 2012) (dismissing because petitioner "filed his § 2241 Petition when he was detained for only six months and his current detention of 12 months has not become unreasonable in length"); _Maynard v. Hendrix_, Civ. No. 11-605, 2011 U.S. Dist. LEXIS 142435, at *11 (D.N.J. Dec. 12, 2011) ("Petitioner filed his Petition approximately seven months after entering immigration detention, only a short time longer than the petitioner in _Demore_ was detained, a period clearly not unreasonable . . . . By the time Respondent answered the Petition and moved to dismiss,

approximately eleven months had elapsed.").

In short, I see no sufficient basis for habeas relief at this time.

Finally, I raise a prudential concern. To grant habeas relief now would be to act based on a transient and unstable state of affairs. Wilson's appeal may result in the affirmance of his order of removal. If so, then his status will unambiguously convert to that of a post-removal detainee. Post-removal, detention will be mandatory and ICE will deport him in short order.[7] On the other hand, the Court of Appeals might reverse Wilson's order of removal. If so, this case will be in a very different posture.

Faced by a similar situation, the United States District Court for the Middle District of Pennsylvania stayed

---

[7]     There is no reason to assume in advance that ICE will hold Wilson for an unreasonable period of time; should that occur, of course, a court may intervene and apply post-removal standards. As noted above, Zadvydas v. Davis, 533 U.S. 678 (2001), imposes a presumption that post-removal detention of up to six months is reasonable. Even that six-month limit, however, operates only when, for diplomatic or other reasons, removal to the detainee's country will not be practicable in the foreseeable future. And the six-month period is tolled during any period when the detainee is not acting in "good-faith cooperation with the ICE in the ICE's efforts to have him removed" to his country of origin. Hany, supra, at *11. There is no showing that Jamaica would not accept Wilson if he were deported. Wilson might attempt to bring further post-removal challenges or decline to cooperate with deportation. A petitioner who pursues such a course, however, cannot simultaneously maintain that the government's failure to deport him within six months is unreasonable. See id. at *8 - *11.

Page -11-

Chavarria-Calix's habeas petition pending resolution of his appeal, stating that the Third Circuit's "consideration may have a dispositive impact on the instant habeas petition . . . ." Chavarria-Calix, No. 12-1642 (SHR) (M.D. Pa.), ECF No. 10. I believe that course is prudent and appropriate, and I will follow a version of it here.

## III. Conclusion

For the foregoing reasons, I will administratively terminate this matter without prejudice to reopening the case if appropriate under the circumstances as they develop.[8] On or before May 1, 2013, Respondents shall file a letter updating me as to the status of the Third Circuit appeal and any other relevant proceedings. The Clerk is directed to mail a copy of this Opinion and Order to Petitioner and to make every effort to ensure that it is received. (An earlier mailing was returned as undeliverable by the prison for reasons that are not entirely clear. (ECF No. 3).).

---

[8] Administrative termination is not a dismissal on merits or a relinquishment of the Court's jurisdiction over this action. The Court of Appeals has approved administrative termination as an effective tool for docket management. See Penn W. Assocs. v. Cohen, 371 F.3d 118, 126-28 & n. 9 (3d Cir. 2004); Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 (1st Cir. 1999). See also Mercer v. Allegheny Ludlum Corp., 132 F.R.D. 38, 38-39 (W.D. Pa. 1990), aff'd, 931 F.2d 50 (3d Cir. 1991).

An appropriate Order accompanies this Opinion.

Dated: January 25, 2013

                                **Kevin McNulty**
                     **United States District Judge**