<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| ROHAN G. R. WILSON, | : | Civil Action No. |
| Petitioner, | : | 12-7315 (KM) |
| | : | |
| v. | : | <u>MEMORANDUM OPINION</u> |
| | : | <u>AND ORDER</u> |
| ROY L. HENDRICKS et al., | : | |
| | : | |
| Respondents. | : | |

---

It appearing that:

1.    This matter was opened upon the Clerk's receipt of
      Petitioner's application (the "Petition") for a writ of
      habeas corpus, pursuant to 28 U.S.C. § 2241 (ECF No. 1).  At
      that time, Petitioner asserted that his detention in the
      hands of immigration officials was unduly prolonged and that
      therefore he was entitled to a bond hearing before the
      immigration judge or before me.

2.    Construing the Petition as an application asserting
      challenges under <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221,
      233 (3d Cir. 2011), I took notice of Petitioner's petition
      for review of his order of removal, which was then pending
      before the Court of Appeals, which had stayed removal.
      <u>Wilson v. Attorney General</u>, No. 12-2271 (3d Cir.)  I issued
      a decision (ECF. No. 5) in which I found no current basis

for habeas relief.  I directed the Clerk to administratively terminate this matter without prejudice to reopening it in light of future developments.

3.  By decision dated February 27, 2013, Petitioner's challenge to his removal was dismissed by the Court of Appeals. <u>Wilson v. Holder</u>, No. 12-2771 (3d Cir. Feb. 27, 2013); <u>see also</u> ECF No. 11. The deadlines for further review have expired, and the mandate issued on April 22, 2013. Consequently, the Court of Appeals' stay of removal pending appeal has expired.

4.  Any renewed habeas challenge to detention would be examined under 8 U.S.C. § 1231(a)(1)(A) and <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).[1]  Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien who is subject to an order of removal from the United States.  Detention during the removal period under Section

---

[1]  <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, governs habeas claims of pre-removal-period detainees, while <u>Zadvydas v. Davis</u>, 533 U.S. 678, governs habeas claims of the aliens held in removal-period detention.  The "removal period" starts – and, upon superceding developments, re-starts – on the then-latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to Board of Immigration Appeals was either ruled upon by the BIA or the time to appeal to the BIA expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement.  <u>See</u> 8 U.S.C. § 1231(a)(1)(B).

1231(a)(1)(A) is mandatory.  In addition Section
1231(a)(1)(C) provides that the removal period shall be
extended, and the alien may remain in detention during such
extended period, if the alien "acts to prevent the alien's
removal subject to an order of removal."  8 U.S.C. §
1231(a)(1)(c).  Here, Petitioner's 90-day removal period was
re-triggered when the Court of Appeals dismissed his
challenge to removal and lifted stay.  <u>See</u> 8 U.S.C. §
1231(a)(1)(B).  Therefore, he is currently held in Section
1231(a)(1)(A) mandatory detention, and I cannot currently
grant him habeas relief.

5.   If the alien is not deported during the 90-day removal
period, the government may thereafter further detain him or
release him subject to conditions of release.  <u>See</u> <u>id.</u> §
1231(a)(6).  However, in <u>Zadvydas</u>, the Supreme Court held
that aliens may be detained further under § 1231(a)(6) only
for "a period reasonably necessary to bring about that
alien's removal from the United States."  533 U.S. at 689.
The Court set six months as a "presumptively reasonable
period of detention."  <u>Id.</u> at 700-01.  Once that six month
period has run, the alien may be released if "the alien
provides *good reason to believe* that there is no significant
likelihood of removal in the reasonably foreseeable future."
<u>Id.</u> at 701.

6.  If Petitioner cooperates with the immigration authorities
    but is not removed to his native Jamaica within six months,
    and if there is no significant likelihood of his removal to
    Jamaica in the reasonably foreseeable future, he may
    challenge his detention in a new § 2241 petition.

IT IS THEREFORE this 8th day of May, 2013,

ORDERED that the Clerk shall reopen this matter by making a
new and separate entry on the docket, reading "CIVIL CASE
REOPENED" for the purpose of entry of this Memorandum Opinion and
Order; and it is further

ORDERED that the Petition, ECF No. 1, is dismissed.  Such
dismissal is without prejudice to Petitioner's filing a new §
2241 petition if and when his _Zadvydas_ claim ripens; and it is
further

ORDERED that the Clerk shall serve this Memorandum Opinion
and Order upon Respondents by means of electronic delivery; and
it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion
and Order upon Petitioner by regular U.S. mail and close the file
on this matter.

_____
            Kevin McNulty
   United States District Judge