<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROHAN G. R. WILSON, | : | |
| Petitioner, | : | Civil Action No. 12-7315 (KM) |
| v. | : | <u>MEMORANDUM OPINION</u> |
| ROY L. HENDRICKS et al., | : | <u>AND ORDER</u> |
| Respondents. | : | |

It appearing that:

1. This matter was opened upon the Clerk's receipt of Petitioner's application (the "Petition") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (ECF No. 1). At that time, Petitioner asserted that his detention in the hands of immigration officials was unduly prolonged and that therefore he was entitled to a bond hearing before the immigration judge or before me.

2. Construing the Petition as an application asserting challenges under <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 233 (3d Cir. 2011), I took notice of Petitioner's petition for review of his order of removal, which was then pending before the Court of Appeals, which had stayed removal. <u>Wilson v. Attorney General</u>, No. 12-2271 (3d Cir.) I issued a decision (ECF. No. 5) in which I found no current basis

for habeas relief.   I directed the Clerk to administratively terminate this matter without prejudice to reopening it in light of future developments.

3.   By decision dated February 27, 2013, Petitioner's challenge to his removal was dismissed by the Court of Appeals. Wilson v. Holder, No. 12-2771 (3d Cir. Feb. 27, 2013); see also ECF No. 11. The deadlines for further review have expired, and the mandate issued on April 22, 2013. Consequently, the Court of Appeals' stay of removal pending appeal has expired.

4.   Any renewed habeas challenge to detention would be examined under 8 U.S.C. § 1231(a)(1)(A) and Zadvydas v. Davis, 533 U.S. 678 (2001).[1] Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien who is subject to an order of removal from the United States.   Detention during the removal period under Section

---

[1]   Diop v. ICE/Homeland Sec., 656 F.3d 221, governs habeas claims of pre-removal-period detainees, while Zadvydas v. Davis, 533 U.S. 678, governs habeas claims of the aliens held in removal-period detention.   The "removal period" starts – and, upon superceding developments, re-starts – on the then-latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to Board of Immigration Appeals was either ruled upon by the BIA or the time to appeal to the BIA expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement.   See 8 U.S.C. § 1231(a)(1)(B).

1231(a)(1)(A) is mandatory. In addition Section 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(c). Here, Petitioner's 90-day removal period was re-triggered when the Court of Appeals dismissed his challenge to removal and lifted stay. See 8 U.S.C. § 1231(a)(1)(B). Therefore, he is currently held in Section 1231(a)(1)(A) mandatory detention, and I cannot currently grant him habeas relief.

5.  If the alien is not deported during the 90-day removal period, the government may thereafter further detain him or release him subject to conditions of release. See id. § 1231(a)(6). However, in Zadvydas, the Supreme Court held that aliens may be detained further under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court set six months as a "presumptively reasonable period of detention." Id. at 700-01. Once that six month period has run, the alien may be released if "the alien provides *good reason to believe* that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

6.     If Petitioner cooperates with the immigration authorities but is not removed to his native Jamaica within six months, and if there is no significant likelihood of his removal to Jamaica in the reasonably foreseeable future, he may challenge his detention in a new § 2241 petition.

IT IS THEREFORE this 8th day of May, 2013,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket, reading "CIVIL CASE REOPENED" for the purpose of entry of this Memorandum Opinion and Order; and it is further

ORDERED that the Petition, ECF No. 1, is dismissed.  Such dismissal is without prejudice to Petitioner's filing a new § 2241 petition if and when his _Zadvydas_ claim ripens; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondents by means of electronic delivery; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and close the file on this matter.

_____
        Kevin McNulty
United States District Judge